# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Taurean Walton-Bey,

                Petitioner,      Case No. 18-cv-13722

v.                                    Judith E. Levy
                                         United States District Judge

Greg Skipper,

                                         Mag. Judge Patricia T. Morris

                Respondents.

_____/

## OPINION AND ORDER
## (1) GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [7]; (2) DENYING CERTIFICATE OF APPEALABILITY; AND (3) GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

      Michigan state prisoner Taurean Walton-Bey seeks the issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Walton-Bey challenges his plea-based convictions for carjacking, Mich. Comp. Laws § 750.529a, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, second offense, Mich. Comp. Laws § 750.227b.

      Respondent filed a motion to dismiss the petition on the ground that it was not timely filed. Walton-Bey has not filed a response to the motion.

For the reasons explained, the Court grants Respondent's motion to dismiss, denies a certificate of appealability, and grants permission to proceed *in forma pauperis* on appeal.

## I. Background

Walton-Bey was charged in three separate cases in Wayne County Circuit Court with two counts of carjacking, four counts of armed robbery, two counts of being a felon in possession a firearm, two counts of felony-firearm, two counts of unlawfully driving away an automobile, and two counts of receiving or concealing stolen property. Walton-Bey entered into a plea agreement concerning the three cases pursuant to which he pleaded guilty to two counts of carjacking, two counts of felony firearm, second offense, and one count of being a felon in possession of a firearm, in exchange for dismissal of the remaining charges. (ECF No. 8-3, PageID.98-103.) The plea agreement provided for concurrent sentences of 9 to 40 years for the carjacking convictions and 2 to 5 years for the felon-in-possession conviction, to run consecutively to 5 years for the felony-firearm convictions. (*Id.* at PageID.114-15.) On March 25, 2015, Walton-Bey was sentenced in accordance with the plea agreement. (ECF No. 8-4, PageID.129.)

Walton-Bey did not file an application or delayed application for leave to appeal in the Michigan Court of Appeals. Instead, on May 30, 2017, he filed a motion for relief from judgment in the trial court. The trial court denied the motion. *See* 6/20/2017 Op. & Ord., *People v. Walton*, No. 15-000180-01 (Wayne County Cir. Ct. June 20, 2017) (ECF No. 8-6, PageID.186). The Michigan Court of Appeals denied leave to appeal. *People v. Walton*, No. 341373 (Mich. Ct. App. March 1, 2018). The Michigan Supreme Court also denied leave to appeal. *People v. Walton*, 503 Mich. 886 (Mich. Oct. 30, 2018).

Walton-Bey filed this habeas corpus petition on November 20, 2018. (ECF No. 1, PageID.5.) Respondent seeks to dismiss the petition because it was not timely filed. Walton-Bey did not respond to Respondent's motion to dismiss.

## II. Discussion

A one-year limitations period applies to all habeas corpus petitions. *See* 28 U.S.C. § 2254(d)(1). A prisoner must file a federal habeas corpus petition "from the latest" of four dates: (A) the date on which the state-court judgment became final; (B) the removal date of an unconstitutional state impediment to filing for federal habeas relief; (C) the date the

Supreme Court recognizes a new constitutional right made retroactive and applicable to collateral review; or (D) the date the prisoner discovered new facts that could not have been discovered previously. 28 U.S.C. § 2244(d)(1). In this case, the relevant subsections are § 2244(d)(1)(A) and (d)(1)(C).

Respondent argues that the one-year limitations period should be measured under subsection (A), that is, from the date on which the judgment became final. Walton-Bey argues that the relevant subsection is (C), and the limitations period should be measured from the date the Supreme Court issued its decision in *Carpenter v. United States*, 138 S. Ct. 2206 (2018).[1] In *Carpenter,* the Supreme Court held that the government must obtain a search warrant before acquiring cell site location information. *Id.* at 2220-21.

The Court first considers § 2244(d)(1)(C), which provides that, where applicable, the one-year limitations period commences on "the date

---

[1] Walton-Bey did not respond to the motion to dismiss, but asserts in his petition that *Carpenter* should be applied retroactively to his case. (ECF No. 1, PageID.3-4.) The Court liberally construes this reference as an argument that the limitations period runs from the date of the *Carpenter* decision. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (*pro se* pleadings should be "liberally construed").

4

on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *In re Payne*, 722 F. App'x 534, 538 (6th Cir. 2018) (quoting *Tyler v. Cain*, 533 U.S. 656, 663 (2001)). In *Carpenter,* a direct review case, the Supreme Court did not hold that the rule it announced applied retroactively to cases on collateral review. Nor has any subsequent Supreme Court case so held. Accordingly, § 2244(d)(1)(C) is inapplicable and § 2244(d)(1)(A) controls. *Tyler*, 533 U.S. at 663.

Under § 2244(d)(1)(A), the petition was not timely filed. Walton-Bey was sentenced on March 25, 2015. Because he did not pursue a direct appeal of his convictions in the state courts, his convictions became final when the time expired for filing a delayed application for leave to appeal with the Michigan Court of Appeals. *See Keeling v. Warden, Lebanon Correctional Institution*, 673 F.3d 452, 460-61 (6th Cir. 2012) ("Because Keeling failed to pursue direct review all the way to the [state] Supreme Court, his judgment became final at the expiration of the time for

5

pursuing direct review in state court."). In the state of Michigan, prisoners must file a delayed leave application within six months of the appealable order, which would have required Walton-Bey to file by September 28, 2015. *See* Mich. Ct. R. 7.205(G)(3). The one-year habeas limitations period commenced the following day, and expired one year later on September 29, 2016. *See* 28 U.S.C. § 2254(d).

Walton-Bey signed and dated his petition on November 20, 2018, and it is considered filed on that date. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Therefore, the petition was filed over two years after the limitations period expired. Walton-Bey's filing of a motion for relief from judgment on May 30, 2017 does not render the petition timely because the filing of a state-court motion for collateral review tolls a limitations period that has not yet expired; it does not start the limitations period anew. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Absent equitable tolling, the petition is time barred.

Equitable tolling is available to toll a statute of limitations when "'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (quoting *Graham-Humphreys*

6

*v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). In the habeas context, to be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A claim of actual innocence may also justify equitable tolling in certain circumstances. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Robertson*, 624 F.3d at 784.

Walton-Bey also argues that the limitations period should be equitably tolled because he did not learn that his appellate attorney withdrew until approximately 18 months after the withdrawal.[2] Respondent argues against equitable tolling on the grounds that Walton-Bey failed to diligently pursue his rights and failed to show an extraordinary circumstance stood in his way.

---

[2] Walton-Bey does not expressly offer this argument as a basis for equitable tolling. Because, the Court construes *pro se* pleadings liberally, *see Williams*, 631 F.3d at 383, the Court concludes that Walton-Bey's discussion of his delayed awareness of appellate counsel's withdrawal is intended as an argument in support of equitable tolling.

The Sixth Circuit has found that "'a substantial, involuntary delay in learning about the status of their appeals' may constitute extraordinary circumstances sufficient to warrant" equitable tolling. *Keeling*, 673 F.3d at 462 (quoting *Robinson v. Easterling*, 424 F. App'x 439, (6th Cir. May 20, 2011)). However, "petitioners who receive delayed notification of a state court judgment due to clerical or attorney errors may not seek equitable tolling if they 'passively await decision.'" *Robinson*, 424 F. App'x at 443 (quoting *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002)). "[A]ttorney assurances and the realities of incarceration may justifiably delay a petitioner's request for a case statues update." *Id.* But the Sixth Circuit Court of Appeals has held that eighteen months is too long for a petitioner to sit on his rights. *Id.*

Walton-Bey's appellate attorney moved to withdraw on September 15, 2015. (ECF No. 7-1, Page ID.46-48.) The trial court granted the motion on October 23, 2015. (*Id.* at 49.) Walton-Bey contends he did not learn of his attorney's withdrawal for eighteen months. (ECF No. 1, PageID.2.) The record, however, does not support a finding that Walton-Bey diligently pursued his rights during this eighteen-month interval.

First, in his motion to withdraw, appellate counsel stated that he

8

and Walton-Bey discussed withdrawing the appeal and that counsel advised Walton-Bey that no non-frivolous grounds for seeking post-judgment relief were available. (ECF No. 7-1, PageID.48.) Walton-Bey's appellate attorney did not mislead him with assurances which would have relieved Walton-Bey's obligation to inquire about the status of his case. (ECF No. 1, PageID.2.) Second, Walton-Bey did not attempt to monitor the status of his appeal by contacting the state court. (*Id.*) Third, Walton-Bey did not mention the delayed notice of appellate counsel's withdrawal on state-court collateral review. In his motion for relief from judgment, Walton-Bey detailed three reasons why he did not raise his collateral review claims on direct appeal, but his appellate counsel's conduct is not among the reasons.

The Court finds Walton-Bey has failed to demonstrate that he has been reasonably diligent in pursuing his rights. Further, he fails to show that some extraordinary circumstance stood in his way and prevented him from timely filing his petition. Appellate counsel's withdrawal in no way prevented him from filing his habeas petition or seeking state court post-conviction relief sooner. *See Winkfield v. Bagley*, 66 F. App'x 578, 582-83 (6th Cir. 2003) (holding that the ineffectiveness of petitioner's

counsel, which caused petitioner to miss a state court deadline, did not excuse his untimeliness because "[petitioner] has not alleged that [his attorney] erroneously informed him that he had no federal remedies"); *Witherell v. Warren,* No. 18-1409, 2018 WL 4897064, *3 (6th Cir. June 21, 2018).

Finally, Walton-Bey fails to present a credible claim of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 392-93 (2013); *Schlup v. Delo,* 513 U.S. 298, 324 (1995) (holding that a valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence—that was not presented at trial"). Walton-Bey presents no evidence to "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327; *Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 613 (applying *Schlup* in the context of a guilty plea). Equitable tolling is not warranted and the petition is untimely.

### III. Conclusion

For the reasons stated, Respondent's Motion to Dismiss (ECF No. 7) is GRANTED. The petition (ECF No. 1) is DISMISSED.

Further, because jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable, a certificate of appealability is DENIED. *See* 28 U.S.C. § 2253(c)(1)(a), (2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated: March 17, 2020                    s/Judith E. Levy
Ann Arbor, Michigan                      JUDITH E. LEVY
                                         United States District Judge

# **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 17, 2020.

                                                   s/WILLIAM J. BARKHOLZ
                                                 Case Manager